```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**American Lung Association
of New Hampshire**

    **v.**                                                          Civil No. 1:07-cv-129-PB
                                                               Opinion No. 2007 DNH 149

**American Lung Association, and
Director of Charitable Trusts of the
New Hampshire Department of Justice**


**MEMORANDUM AND ORDER**

The American Lung Association of New Hampshire (referred to herein as "ALANH" and now known as "Breathe New Hampshire") disaffiliated from the American Lung Association ("ALA") on June 30, 2007. ALANH brought the present action to resolve several issues surrounding the disaffiliation, and ALA responded with two counterclaims.

ALANH now brings this motion to dismiss ALA's first counterclaim, which seeks declaratory relief with respect to a unitized fund known as the Mary Fuller Russell Research Fund (hereinafter "MFR Fund"). ALANH argues that the first counterclaim should be dismissed because ALA released any and all

claims to the MFR Fund in a 2003 settlement agreement between the parties.  Because I find that ALA did not clearly release ALANH from this type of claim, ALANH's motion to dismiss is denied.

## I.  BACKGROUND

In the 1980s, ALA and ALANH began an affiliation governed by a series of constituent agreements, the last of which expired on June 30, 2007.[1]  In 2002, a dispute arose between ALA and ALANH regarding a charitable bequest of $13 million from the Margaret L. Fuller Memorial Trust (hereinafter "MLF Trust") made to ALANH in 1994.  The parties differed as to how the bequest should be shared between the organizations based on the constituent agreement and the language of the MLF Trust.

ALA argued that it was entitled to a portion of the bequest based on language in the parties' constituent agreement that, at the time, required ALANH to share 10% of all income and receipts with ALA.  ALANH disagreed and sought a declaratory judgment in

---

[1] Among other things, the constituent agreements required ALANH to submit annual financial reports to ALA, including proof of an annual independent audit.  The constituent agreements also required ALANH to abide by policies in the ALA Polices Manual, which includes policies regarding approved investment practices and accounting methods.

January 2002 in Hillsborough County Probate Court to establish that ALANH was entitled to keep the full amount of the bequest. ALA removed the case to this court and it was assigned to me on March 5, 2002.  I denied ALANH's motion to remand to state court on July 25, 2002.

The parties resolved their dispute over the bequest via settlement in 2003 before any motions for dismissal or summary judgment were filed.  Based on the parties' settlement agreement, I approved a consent decree to govern the parties' rights and responsibilities with respect to the MFR Fund.  The consent decree was entered on July 9, 2003.

The consent decree ordered ALANH to divide the $13 million bequest from the MLF Trust such that a separate unitized fund, the MFR Fund, would be created containing $1,297,643.20 for the benefit of both parties.  The decree ordered that ALANH was to have ownership and investment responsibility for the MFR Fund, but that ALANH was to pay all income from the fund to ALA.  In the settlement agreement that served as the basis for the consent decree, ALA agreed to the following release of claims:

> In consideration of the agreement herein set forth and except for the Parties' continuing obligations hereunder, ALA and ALANH hereby release and forever discharge each

>     other, its successor and assigns, from any and all actions,
>     causes of action, debts, claims, suits, and demands of every
>     name and nature, both at law and in equity, which each party
>     now has, or may have, from the beginning of the world to the
>     date hereof, relating to the subject matter of this action,
>     the Margaret L. Fuller Memorial Trust, or The Mary Fuller
>     Russell Research Fund.  More specifically, but without in
>     any manner limiting the foregoing, ALA releases and forever
>     discharges ALANH from any claim that ALA is entitled to a
>     portion of the funds received by ALANH from the Margaret L.
>     Fuller Memorial Trust (other than as described in the
>     agreement herein).

Settlement Agreement at ¶ 8.

The present case arose because, in early 2007, ALANH's board of directors voted to disaffiliate with ALA.  In March 2007, ALANH filed a Petition for Instructions and Preservation of Charitable Assets in state court.  The action was removed to this court in April 2007 and the case was assigned to me.  Thereafter, ALA filed an answer and two counterclaims.

ALANH now moves to dismiss ALA's first counterclaim, which seeks either: (1) a declaratory judgment modifying the consent decree to protect ALA's interest in the MFR Fund post-disaffiliation, or (2) a declaratory judgment that ALA has the right to title and control of the MFR Fund.  ALANH argues that this claim must be dismissed because it is barred by the above-

quoted release language in the 2003 settlement agreement.  ALA disagrees.

## II.  **STANDARD OF REVIEW**

On a Rule 12(b)(6) motion to dismiss a counterclaim, I must accept a counterclaimant's well-pleaded factual allegations as true, and the counterclaimant is entitled to all reasonable inferences from the facts alleged in the counterclaim.  Fed. R. Civ. P. 12(b)(6); Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007).

I may consider the counterclaim, documents annexed to the counterclaim, and other materials fairly incorporated within it when ruling on the motion.  See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).  I may also consider matters that are susceptible to judicial notice, id., including matters of public record such as records from prior court proceedings. Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).  I may consider "the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the

motion into one for summary judgment." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).

In this case, therefore, I consider the counterclaim along with the parties' settlement agreement and consent decree from 2003; both documents are matters of public record and are attached to ALA's answer and counterclaim.

### III. **ANALYSIS**

In essence, ALA's counterclaim seeks to either modify or vacate the 2003 consent decree.[2] ALANH has moved for dismissal of this claim, arguing that it is barred by release language in the 2003 settlement agreement.

By making this argument, ALANH is actually raising an affirmative defense as a ground for dismissal. This is permissible provided that "(1) the facts establishing the defense

---

[2] Ordinarily, a request to modify a consent decree is presented in a Rule 60(b) motion in the case where the consent decree was originally issued. However, it is possible to seek modification of a consent decree in a new, independent action. 12 James W. Moore, Moore's Federal Practice § 60.80 (3d ed. 2007). Although this could prove problematic in many cases, it is not a problem in this case because I approved the original consent decree and I am now assigned to the present case.

are definitively ascertainable from the complaint and the other allowable sources of information, and (2) those facts suffice to establish the affirmative defense with certitude." Rodi, 389 F.3d at 12.  In this case, the facts establishing the defense are ascertainable from the settlement agreement, which is properly before me as a public record and is also incorporated into the pleadings.

The settlement agreement establishes that New Hampshire law governs enforcement of the agreement.  Settlement Agreement at ¶ 11.  In New Hampshire, settlement agreements are contractual in nature and are generally governed by contract law principles. Poland v. Twomey, --- N.H. ---, 2007 WL 3306905 (N.H. 2007); Czumak v. N.H. Div. of Developmental Servs., 155 N.H. 368, 373 (2007).  When interpreting a settlement agreement, "we give the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated, and reading the document as a whole."  Czumak, 155 N.H. at 373.

In this case, the settlement agreement's plain language does not clearly foreclose ALA's right to seek modification of the consent decree based on a change in circumstance.  The first part

of the release states that ALA and ALANH release and forever discharge each other from claims to the MLF Trust or the MFR Fund "from the beginning of the world to the date hereof." Settlement Agreement at ¶ 8. The date of the agreement was in early 2003; therefore, this release does not encompass ALA's counterclaim, which is based on changes in the relationship between the parties that occurred only recently.

In the second part of the release, ALA releases and forever discharges ALANH from any claim that ALA is entitled to a portion of the MLF Trust. ALANH argues that this release precludes ALA's counterclaim because the MFR Fund is a portion of the funds received from the MLF Trust. The language is ambiguous, however, because it states that ALA releases claims to the trust "other than as described in the agreement herein." Because the MFR Fund was created by the settlement agreement, the release can be read to mean that ALA releases all claims to funds received from the MLF Trust <u>except</u> those that involve the MFR Fund. Accepting ALA's well-pleaded factual allegations as true and granting ALA all reasonable inferences from the facts, I cannot say that ALANH has established its affirmative defense with the certitude required to effect dismissal of ALA's counterclaim.

## IV. **CONCLUSION**

For the reasons stated above, plaintiff's partial motion to dismiss defendant's first counterclaim (Doc. No. 11) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 4, 2007

cc:   Daniel E. Will, Esq.
      James Q. Shirley, Esq.
      Michael S. DeLucia, Esq.
      Richard W. Head, Esq.